UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 & 9
Michael A. Artis, Esquire
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Facsimile: (973) 645-5993
Email: Michael.A.Artis@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re | : | Case No. 21-11586 (CMG) |
|  | : | Chapter 7 |
| Justino Roman and | : |  |
| Mary Roman, | : | The Honorable Christine M. Gravelle |
|  | : |  |
|  | : | Hearing Date: July 20, 2021, at 2:00 p.m. |
| Debtors. | : |  |

**CERTIFICATION OF KIRSTEN K. ARDELEAN IN SUPPORT OF MOTION BY THE UNITED STATES TRUSTEE FOR AN ORDER DISMISSING CASE FOR ABUSE UNDER 11 U.S.C. § 707(b)(1) BASED ON THE TOTALITY OF THE CIRCUMSTANCES OF THE DEBTORS' FINANCIAL SITUATION UNDER 11 U.S.C. § 707(b)(3)(B)**

The United States Trustee, by and through counsel, in furtherance of his duties and responsibilities under 28 U.S.C. §§ 586(a)(3) and (5), respectfully moves for an order dismissing the above-captioned case for abuse under 11 U.S.C. §§ 707(b)(1) and (3).

In support of the Motion, I, Kirsten K. Ardelean, of full age, hereby certify as follows:

1. I am employed as a Bankruptcy Analyst by the Office of the United States Trustee ("U.S. Trustee") in Newark, New Jersey. My duties include the review of chapter 7 petitions, schedules, statements of financial affairs, and other documents to determine whether a motion to

1

dismiss for abuse under 11 U.S.C. § 707(b) or a complaint objecting to discharge under 11 U.S.C. § 727 may be warranted.

2. My knowledge of the matters addressed in this certification is derived from: **(i)** my review of the docket for Case No. 21-11586(CMG); **(ii)** my review of the documents contained on that docket; and **(iii)** my review of the recording of the 11 U.S.C. § 341(a) meeting of creditors for the debtors in this case, Justino Roman and Mary Roman ("Debtors").

*Background and Procedural History*

3. On February 26, 2021, the Debtors, by and through counsel, filed a voluntary petition ("Petition") for relief under chapter 7 of title 11 of the United States Code, along with bankruptcy schedules and various other documents. *See* Case No. 21-11586(CMG), Docket Entry 1.

4. The docket reflects that on February 27, 2021, Bunce Atkinson Esq. was appointed as the chapter 7 trustee. *See* Docket Entry 3.

5. A meeting of creditors pursuant to 11 U.S.C. § 341(a) was scheduled for March 31, 2021. *See id*.

6. The Debtors' Petition states that their obligations are primarily consumer debts, a prerequisite for dismissal of a chapter 7 case pursuant to 11 U.S.C. § 707(b). *See* Docket Entry 1 at 6, ¶ 16a.

7. On the signature page of the Petition, the Debtors signed below a statement declaring under penalty of perjury that the information provided in the Petition was true and correct. *Id*. at part 7.

8. The docket reflects the last day to oppose discharge or dischargeability is June 1, 2021. *See* Docket Entry 3.

*Information Regarding Assets and Debts Contained in the Debtors' Petition and Schedules*

9. Schedule A/B filed in support of the Debtors' Petition discloses that the Debtors Do not own any real property. *See* Docket Entry 1 at page 10.

10. Schedule A/B also discloses the Debtors' interest in the following vehicles: a 2005 Nissan Sentra worth $150.00; a 2010 Nissan Altima worth $150.00; and a 2010 Hyundai Elantra worth $1,046.00. *See id*.

11. Schedule A/B filed in support of the Debtors' Petition discloses certain personal property assets including household goods and furnishings valued at $840, electronics valued at $1,630, clothing valued at $1,500, jewelry valued at $775, cash on hand valued at $275, and deposits of money at a Provident Bank valued at $59. *See id* at 11 - 13. These personal property assets together with the motor vehicles have a value of $6,425. *See id* at 14.

12. Schedules D filed in support of the Debtors' petition discloses secured debts totaling $8,226.00. Of this total, $8,226.00 is attributable to Ally Financial and $0.00 appears to be attributable to Marlton Auto. *See id* at page 17.

13. Schedules E/F filed in support of the Debtors' petition discloses unsecured non-priority debts totaling $18,011. This debt appears to be attributable to primarily consumer credit card and loan obligations. *See id* at pages 19 – 34, ¶¶ 6i and 6j.

14. Schedule G does not disclose any executory contracts and leases for the Debtors. *See id* at 35.

15. Schedule I filed in support of the Petition discloses that Debtor 1 is employed by A Plus Letter Service Inc. as an Operator. *See id* at 37.

16. Schedule I further reports Debtor 1 has a total net monthly take-home pay of $4,692.74. *See id* at 38.

17. Schedule I filed in support of the Petition discloses that Debtor 2 is employed by Colts Neck Pediatrics, Inc. as a medical assistant. *See id* at 37.

18. Schedule I further reports Debtor 2 has a total net monthly take-home pay of $2,141.47. *See id* at 38.

19. Schedule I reports that the Debtors combined monthly net income is $6,834.21. *See id*.

20. In response to the question, "Do you expect an increase or decrease within the year after you file this form?", the Debtors answered "No". *See id* at 38.

21. Schedule J filed in support of the Petition reports the Debtors have an 18-year-old daughter, and a 16-year-old son. *See id.* at page 39.

22. Schedule J also discloses estimated monthly expenses for the Debtors' four-person household totaling $3,200.85, resulting in a monthly surplus of $3,633.36. *See id.* at 40-41 ¶¶ 22a, 23b, and 23c.

23. In response to the question "Do you expect an increase or decrease in your expenses within the year after you file this form?", the Debtors answered "No." *Id.*

24. The Debtors signed a declaration under penalty of perjury stating that the information in their schedules is true and correct. *See id* at 42.

25. The Statement of Financial Affairs for Individuals Filing for Bankruptcy ("SOFA") filed in support of the Petition states at ¶ 4 that the Debtor 1 received a gross income from employment of $65,257.00 in 2019 and Debtor 2 received a gross income from employment of $35,322 in 2019. *See id.* at 43 & 44 ¶ 4.

26. No year-to-date income from employment is disclosed on the SOFA for calendar year 2021, and no income from employment is disclosed for calendar year 2020. *See id.*

27. The SOFA filed in support of the Petition discloses no other income for the Debtors during this year and the two previous years. *See id.* at 44 ¶ 5.

28. The Debtors signed a declaration under penalty of perjury that the information contained in the Statement of Financial Affairs is true and correct. *See id* at 47.

29. On *Official Form 122A-1- Chapter 7 Statement of Your Current Monthly Income* ("Form 122A-1), the Debtors' disclose their combined "current monthly income" as $6,214.68 for the six months preceding the filing of the Petition. *See id at 51.* The Debtors calculated that this income, when annualized, resulted in an income of $74,576.16, for a four-person household. *See id.* at Part 2, ¶¶ 12 & 13.

30. The Debtors checked the box on Form 122A-1 and declared that there is no presumption of abuse. *See id* at 50.

31. The Debtors signed a statement declaring under penalty of perjury that the information provided in their Form 122A-1 was true and correct. *See id* at 52, Part 3.

***Pursuant to Section 707(b)(3)(B), the Debtors Have Sufficient Disposable Income to Fund a Chapter 13 Plan***

32. As set forth above, Schedule I and Schedule J report a monthly surplus of $3,633.36.

33. As set forth above, schedules E/F filed in support of the Debtors' petition discloses unsecured non-priority debts totaling $18,011.00.

34. Accordingly, with no adjustments to income and expenses there is sufficient disposable income available to pay a 100% dividend to unsecured creditors in approximately six months.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements are willfully false, I may be subject to punishment.

By: <u>*/s/Kirsten K. Ardelean*</u>
Kirsten K. Ardelean
Bankruptcy Analyst

DATED: June 1, 2021